This was an action of covenant brought by the plaintiff against the defendant upon a covenant of quiet enjoyment contained in a (122) deed from the defendant to Franklin F. Fagan for an undivided half of a tract of land on the Roanoke River. The consideration recited in the deed was more than sufficient to cover the amount of damages claimed in this suit. The plaintiff, after producing in evidence the conveyance from the defendant to Fagan, showed a deed in trust from Fagan to David C. Guyther, reciting the consideration of $1 and the indebtedness of the said Fagan to divers persons, amounting to about $4,000, as the consideration of the conveyance by which deed the said land and other real and personal estate were conveyed in fee to Guyther as a trustee for the benefit of the creditors of Fagan. Guyther, the trustee, conveyed the same fund by a deed to the plaintiff, in which it was recited that the deed was made "for the consideration of $1 and for other considerations me thereunto moving." The plaintiff then showed a valid title to the same land outstanding in the heirs at law of one Enoch Rayner, by whom he had been evicted previously to the commencement of this suit. The plaintiff offered to prove that, in addition to the considerations mentioned in the deed from Guyther to him, he paid the sum of $625 by crediting that amount upon a judgment he had against Fagan. This evidence was objected to on the part of the defendants, but was received by the court. The evidence then proved *Page 97 
that other land besides that conveyed by the defendant Fagan with warranty was conveyed by the deed from Chesson, and there was conflicting evidence of the nature of that which was conveyed by the defendant to Fagan which it is unnecessary to state. The defendant's counsel insisted that the deed from Guyther to Chesson showed that Chesson had obtained the title to the land which was sold to Fagan, under an execution sale of the property of Fagan previously to the conveyance from Guyther to him, and that, therefore, the consideration paid by Chesson when he took the deed from Guyther constituted no part of the consideration which was paid for the title; and that, if it did, recovery for a larger amount than the pecuniary consideration mentioned in (123) the deed to the plaintiff could not be effected.
His Honor overruled the objection and directed the jury to assess damages for the plaintiff not exceeding the considerations paid by him; that these damages should be commensurate in amount with the value of the premises conveyed by the defendant to Fagan, from which the plaintiff had been evicted.
There was a verdict for the plaintiff, and a rule for a new trial on the ground of improper testimony admitted to prove the considerations in Guyther's deed to Fagan. The rule was discharged, and judgment being rendered for the plaintiff, the defendant appealed.
The defendant obtained a rule for a new trial in this case because the court permitted the plaintiff to prove by parol that the consideration of the conveyance of the land from Guyther to him was for more than $1. The consideration mentioned in the deed is $1 "and for other considerations me thereunto moving." In Jones v. Sasser, 18 N.C. 452, this Court said that if one consideration is specified in the deed, and others referred to in general terms, it is competent to show them forth in evidence. We think that the testimony was properly admitted, and that the judgment must be
PER CURIAM. Affirmed.
Cited: Credle v. Carrawan, 64 N.C. 425. *Page 98 
(124)